Appellant Donald E. Baker, convicted of murder and sentenced to 20 years' imprisonment, brings this appeal, alleging eight errors.
 I
Appellant first contends that the court erred in resentencing him on July 27, 1983, to 20 years' imprisonment after having sentenced him to a term of 17 years' imprisonment on June 9, 1983. Appellant relies on Brown v. State, 376 So.2d 1382
(Ala.Crim.App. 1979), in which this court stated:
 "It is more consonant, we think with the spirit of the concept of due process of law and the prohibition of double jeopardy, to say that when a valid sentence has been imposed, deliberately and intentionally, formal allocution has been conducted, and judgment of conviction and sentence entered of record, it cannot, in the absence of fraud or another reason more compelling than one presented by the circumstances in the instant case, be so changed at any time thereafter as to increase the severity of the sentence, rather than to make a time limit thereon dependent upon the vagaries of when the sentence commences to run." (emphasis supplied)
The sentence of 17 years originally imposed is not a valid sentence under § 13A-5-6, Code of Alabama 1975. The court found itself in a position where no valid sentence had been imposed in the case. Thereupon, the appellant was brought back into court and sentenced to a term permitted by statute. Specifically, appellant was convicted of a Class A felony, which ordinarily carries a term from 10 years to 99 years or life imprisonment. However, for a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, the minimum sentence is 20 years' imprisonment. The court did the only thing it could do in the appellant's case. He had not been sentenced, since no sentence permitted by law had been imposed upon him. Consequently, the sentencing on July 27, 1983, was the first lawful sentence imposed upon him and did not in any fashion violate his right to due process nor his rights as regards double jeopardy.
 II
Photographs of the scene of the murder were identified as accurately depicting the scene as it appeared after the killing on December 19, 1982. The photographs, State's Exhibits 1 and 2, were received into evidence. Thereafter an adequate foundation was laid for the admission of the exhibits and they were used or *Page 1129 
referred to by other witnesses. Mr. C.K. Smith, an emergency medical technician, testified that the pictures accurately depicted what they purportedly showed except that he had taken the jacket off one arm of the deceased and had torn the deceased's shirt while attempting to save his life. This evidence was before the jury and we perceive no injury to the appellant from the receipt of these photographs into evidence.
 III
Appellant maintains that the report of the Department of Forensic Sciences regarding the autopsy performed on the body of the deceased victim in this case, should not have been received into evidence as being violative of the hearsay rule. The Alabama Business Records Act, § 12-21-43, Code of Alabama 1975, states as follows:
 "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction or event if it was made in the regular course of any business and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, `business' shall include a business, profession, occupation and calling of every kind."
We hold that an autopsy report, made in the regular course of the business of the Department of Forensic Sciences, is admissible into evidence under the Alabama Business Records Act. To the extent that such a report contains opinions, those opinions are admissible on the theory that if the physician who performed the autopsy were a witness, his testimony would be admissible as that of an expert. Seay v. State, 390 So.2d 11
(Ala. 1980), cert. denied, 449 U.S. 1134, 101 S.Ct. 956,67 L.Ed.2d 121 (1981). Neither was reversible error committed when the report was read to the jury.
 IV
Over appellant's objection, the autopsy reports were received into evidence. Another ground for such an objection was that the reports were the subject matter of a motion to produce, and that the state failed to produce them. These autopsy reports, being public records, were equally available to the appellant and to the state. While the state invites and solicits reversal each time it fails to comply with a lawful order of a Circuit Court granting a motion to produce, we will not here reverse. In the case of autopsy reports or other public records, whose existence is known or reasonably inferred, available inexpensively from a public agency to any member of the public, failure on the part of the state to produce copies does not constitute reversible error.
 V
Appellant maintains that the transcribed notes of Officer Smith of a statement made by the appellant to him, but not written or signed by the appellant, should not have been received into evidence. The officer read the statement into evidence and then the transcribed statement itself was received into evidence. Following receipt of the transcribed notes into evidence, the appellant testified that he did not sign the statement because it was not verbatim. His principal objection related to the first sentence, which referred to his precise location within "Pete's Disco" when the fatal incident began. The appellant's own admission as to the remainder of the facts as set out in the statement remove it from the area of error with injury. Therefore, the officer's transcribed notes taken at a point close in time to the oral statement given by the appellant are admissible. McBryar v. State, 368 So.2d 568, 573
(Ala.Crim.App.), cert. denied, 368 So.2d 575 (Ala. 1979). *Page 1130 
 VI
Appellant next contends that the trial court committed reversible error in regard to questions asked by the prosecution regarding prior felony convictions. It appears that the state undertook to impeach the appellant by showing that he had been convicted of several prior felonies. Then according to appellant's brief, ". . . it became obvious that the state was attempting to introduce prior convictions attributable to another Donald Baker. . .". The court sustained the objections of appellant's attorney. In the course of denying a question regarding multiple prior felony convictions, however, the appellant admitted to one prior felony conviction in Lee County, Alabama. The prosecutor's questions, while apparently based on an inaccurate prior felony report, did unearth legitimate impeachment material. It is not contended that the question regarding "five prior felonies in Lee County" was anything but an error. The court sustained the objections of the appellant; reversible error did not occur in the matter of questioning the appellant about his past record.
 VII
Appellant further maintains that he should have been granted a mistrial because the prosecutor asked questions of witnesses regarding whether the appellant liked to race cars. The court asked state's counsel not to bring the subject up again, and when he did again bring it up, a mistrial was requested by appellant's attorney. The question was not answered by the appellant. The purpose of asking this question apparently was to establish some motive for the fatal shooting. The court acted diligently to discourage the repetition of this car racing matter and in denying one mistrial motion stated that the question would not be asked again. By its statement in the presence of the jury, the court alleviated the impropriety of the persistently repeated irrelevant question. The court did not abuse its discretion in denying the motion for mistrial. See Ward v. State, 356 So.2d 238 (Ala.Crim.App.), cert. denied,Ex parte Ward, 356 So.2d 242 (Ala. 1978).
 VIII
Appellant contends the court erred in refusing to give certain written requested charges. Neither appellant nor appellee has addressed the substance of any of these charges in their briefs. Our review satisfies us that no reversible error was committed with respect to the jury charge.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.