Bobby Ray Clency was convicted of the first degree robbery of Mr. Robert Raymond Callaway, in violation of § 13A-8-41, Code of Alabama 1975. The state's evidence indicated that Mr. Callaway was leaving the All American Insurance Agency in Birmingham, Alabama, at about 5:25 one afternoon. As he walked out the back door, he was grabbed by two black males, one of whom had a shotgun. A money bag which contained $1,949.00 was taken from him. About ten days later, Callaway was reading theBirmingham News and saw in the newspaper a picture of one of the men who had robbed him. An article accompanying the picture described a similar robbery committed by the same man. He was later able to identify a photograph of Bobby Ray Clency and to identify Clency himself as one of the robbers. The court sentenced Clency to 22 years.
 I
In sentencing Clency, the court applied § 13A-5-6 (a)(4), which reads:
 "For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years."
Appellant contends first on appeal that he was denied his constitutional right of due process in that the foregoing code section, increasing penalties where a firearm or deadly weapon was used, was applied in his case. His theory is that if he had pleaded guilty, the court would not have or might not have discovered that he used a firearm. He argues that § 13A-5-6 is *Page 644 
cumulative of § 13A-8-41. Section 13A-8-41 states as follows:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
 "(c) Robbery in the first degree is a Class A felony."
Clency argues in brief, however that, "if a defendant simply pleads guilty to first degree robbery without demanding a trial, there is no proof of the use of or the attempted use of a deadly weapon. . . ." We find no merit to this contention. Appellant is incorrect in thinking that if he had pleaded guilty, he would have somehow escaped the application of §13A-5-6 (a)(4), Code of Alabama 1975. This code section is mandatory and the court would have no choice but to impose a sentence under this section. A plea of guilty to a charge of first degree robbery, which involves the use of a deadly weapon or dangerous instrument, necessarily alerts the court to the possible application of the firearms enhancement section. No error was committed in this respect.
 II
Appellant next contends that the evidence was insufficient to support his conviction, arguing that the in-court identification was tainted because Callaway saw Clency's picture in the Birmingham News within two weeks after the crime occurred. The cases cited by Clency, Proctor v. State,424 So.2d 705 (Ala.Cr.App. 1982); Minor v. State, 437 So.2d 651
(Ala.Cr.App. 1983); and Phillips v. State, 409 So.2d 918
(Ala.Cr.App. 1981), all deal with things done by law enforcement authorities in connection with pretrial identifications by victims of crimes which were claimed to have tainted the identifications. In this respect, the cases are clearly distinguishable on the facts from this case. That a former victim might recognize his assailant from a newspaper photograph is an occupational hazard of perpetrators of crimes; the risk "comes with the territory."
While Clency dwells in his brief on the fact that the victim considered his assailant to be considerably taller and larger than he was, this does not mean the victim could not identify the robber. It is common knowledge, of which we take notice, that human beings can recognize and identify other human beings with considerable accuracy, even though they cannot give a clinical description of their height, weight, age, dress, or combination of facial features. The matter of Callaway's having seen the picture in the paper and having seen some mugshots was aired to the jury and available for them to consider. Another employee of the same company testified that he recognized Clency as being the man that he saw through a crack in the back door at the time Callawav was being robbed. We find no impermissible suggestiveness in the facts of this case. The identification was a question for the jury, who were justified in making a finding of guilty.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 645