PER CURIAM.
A petition for writ of certiorari was granted because it appeared that petitioner was denied his right to confront and cross-examine a witness against him, specifically, the pathologist who prepared the autopsy report on the individual whose death is the basis of petitioner’s conviction for murder. This case is unlike Seay v. State, 390 So.2d 11 (Ala.1980), in which this Court held that Code 1975, § 22-50-22, providing for depositions of physicians at state mental health facilities “furnish[es] a constitutional alternative to compulsory attendance at trial.” 390 So.2d at 14.
No such procedure exists to substitute for the cross-examination of a state toxicologist or his assistants. Code 1975, §§ 36-18-1 through -4. Therefore, we do not approve of the language of the Court of Criminal Appeals, 473 So.2d 1127, holding that the admission of the pathologist’s report was not error.
Nevertheless, upon a thorough review of the record, we find that the admission of this report without cross-examination of the doctor who prepared it was harmless error. The cause of death was not disputed. The report’s description of the path of the bullet was consistent with petitioner’s version of how the shooting occurred. Moreover, photographs were admitted which showed the entry wound in the position described by the pathologist. The autopsy report was not prejudicial to petitioner’s case and so the trial court’s admission of the report in these circumstances was not reversible error.
The writ of certiorari is hereby quashed.
WRIT QUASHED.
All the Justices concur.