Two legal questions are presented by this petition for writ of certiorari:
(1) Is Alabama's so-called "firearm enhancement statute"[1]
unconstitutional because it permits the trial judge, rather than a jury, to decide the fact question whether "a firearm or deadly weapon was used or attempted to be used in the commission of the felony"?
(2) Under Alabama's new Criminal Code, does the State have to prove in a kidnapping case that the accused intended tosecretly confine or imprison his victim?
Petitioner was convicted of kidnapping in the first degree and assault in the first degree. Pursuant to the provisions of Code 1975, § 13A-5-6(a)(4) and (5), respectively, the trial court sentenced petitioner for his kidnapping conviction to 30 years' imprisonment, and for his assault conviction to a term of 15 years. He was also fined, but that is not an issue in this case. *Page 552 
The particular facts surrounding the incidents which gave rise to the prosecutions and convictions are sufficiently set out in the opinion of the Court of Criminal Appeals, Guess v.State, 507 So.2d 546 (Ala.Cr.App. 1986), and will not be restated in full here, but, briefly, they are as follows: There was evidence that the petitioner lured the victim to come and help him because his car had run out of gas. When the victim arrived, petitioner asked him to take him to see a friend, then directed him to drive down another road. Subsequently, the petitioner stuck a pistol to the head of the victim, handcuffed him, and later knocked him unconscious by hitting him on the head with a blunt object. When the victim regained consciousness, he was still in his car, but the car had been moved, and it was resting on a bluff 25 to 30 feet from a highway, and if one of the car's wheels had not become entangled in kudzu, it might have tumbled down the bluff.
 I
We first address petitioner's claim that in the absence of a jury finding that he used or attempted to use a firearm or deadly weapon in the commission of the felonies with which he was charged 1and convicted, the trial court erred in sentencing him under the provisions of the so-called "firearm enhancement statute."
Insofar as we are aware, this is a case of first impression involving this particular statute, and that is one of the reasons we granted certiorari. After reviewing the opinion of the Court of Criminal Appeals and the law cited by petitioner in support of his claim, we are of the opinion that the Court of Criminal Appeals correctly decided the issue and that its judgment is due to be affirmed.
In its opinion, the Court of Criminal Appeals followed a decision involving a similar statute in another state, and distinguished a case decided by the Supreme Court of Florida involving a statute that the Court of Criminal Appeals thought differed from the one here involved. In addressing the question, Judge Patterson, writing for the court, said:
 "[W]e find this ruling of [State v.] Overfelt
[457 So.2d 1385 (Fla. 1984)] unpersuasive, especially in light of the recent ruling of the United States Supreme Court in McMillan v. Pennsylvania, ___ U.S. ___, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), wherein the Court reviewed Pennsylvania's Mandatory Minimum Sentencing Act, 42 Pa.Cons.Stat. § 9712 (1982), which is similar to Alabama's statute, against the claim that the Act denied the petitioners their Sixth Amendment right to a trial by jury. The Court first noted that the Pennsylvania Legislature made visible possession of a firearm a factor to be considered in sentencing, that factor thus becoming pertinent only after the defendant has been convicted; that the section neither alters the maximum penalty nor creates a separate offense mandating a separate penalty, and that the section's sole operation is to limit the sentencing court's discretion by setting a minimum sentence upon a finding of visible possession of a firearm. Upon these observations, the Court held that the factor of visible possession of a firearm may be treated as a sentencing consideration rather than as an element of a particular offense. The Court then further stated the following:
 " 'In light of the foregoing, petitioners' final claim — that the Act denies them their Sixth Amendment right to a trial by jury — merits little discussion. Petitioners again argue that the jury must determine all ultimate facts concerning the offense committed. Having concluded that Pennsylvania may properly treat visible possession as a sentencing consideration and not an element of any offense, we need only note that there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact. See Spaziano v. Florida, 468 U.S. [447], at ___, 104 S.Ct. [3154], at ___ [82 L.Ed.2d 340] [1984].'
"___ U.S. at ___ 106 S.Ct. at 2420."
The Court of Criminal Appeals also followed one of its own cases, Darby v. State, [Ms. 8 Div. 181, October 22, 1985] *Page 553 
(Ala.Cr.App. 1985), which involved a similar question about the constitutionality of a sentencing statute which was applied to Darby's conviction for trafficking in cocaine, and concluded that petitioner here "was not denied his constitutional right to a trial by jury to determine the application of §§13A-5-6(a)(4) and (5)." We agree with the holding of the Court of Criminal Appeals.
 II
On the question of the sufficiency of the evidence to support a conviction of petitioner for kidnapping in the first degree, we also hold that the opinion of the Court of Criminal Appeals is correct and that its judgment on that issue is also due to be affirmed.
In affirming petitioner's conviction for kidnapping, the Court of Criminal Appeals held that the state need not prove, under Alabama's new kidnapping statute, that the accused had an " 'intent to cause [the victim] to be secretly confined, or imprisoned against his will, or to be sent out of the state against his will . . .' ", and relied upon its own decision inOwens v. State, [Ms. 4 Div. 536, February 12, 1986] (Ala.Cr.App. 1986), cert. granted and remanded with directions on other grounds [Ms. 85-1008, March 27, 1987] (Ala. 1987). In that case, the Court of Criminal Appeals had addressed the same issue which is presented in this petition, as follows:
 "Appellant was charged with murder during a kidnapping in the first degree. Ala. Code 1975, § 13A-5-40(a)(1). The State was required to prove the elements of both murder and kidnapping in the first degree, and that the murder occurred in the course of the kidnapping. Appellant contends that the State failed to prove the elements of first degree kidnapping as defined by § 13A-6-43, and, therefore, that his motion for judgment of acquittal of the capital offense was due to be granted. Appellant stated in his brief that all the evidence produced by the State showed an intention to commit a murder, but not a kidnapping.
 "Section 13A-6-43 defines 'kidnapping in the first degree' as follows:
 " '(a) A person commits the crime of kidnapping in the first degree if he abducts another person with intent to
" '. . . .
 " '(3) Accomplish or aid the commission of any felony or flight therefrom; or
 "(4) Inflict physical injury upon him. . . .' "
"* * * *
 "Appellant argues that the 'mere fact of a kidnapping alone is insufficient and intent must be proved,' citing Hubbard v. State, 23 Ala. App. 537, 128 So. 587 (1930). Hubbard dealt with the old kidnapping statute, § 3189, Code of Alabama 1923. This statute was recodified in Code 1940, T. 14, § 6, and Code 1975, § 13-1-23. The old statute construed in Hubbard defined kidnapping as follows:
 " 'Any person who forcibly or unlawfully confines, inveigles or entices away another with intent to cause him to be secretly confined or imprisoned against his will or to be sent out of the state against his will, must, on conviction, be imprisoned in the penitentiary for not less than two nor more than 10 years.'
 "The Hubbard court stated, 'The gravamen of the offense charged is the intent that Annie Belle Holmes be sent out of the state contrary to the statute against kidnapping.' 23 Ala. App. at 538, 128 So. at 588. The language of Hubbard has no application to the statute under which appellant in the instant case was indicted. The statute under which Hubbard was decided is no longer the law, and was not the law at the time the instant offense was committed."
Although this Court remanded the Owens case to the Court of Criminal Appeals with directions to remand it to the trial court for further proceedings on another ground, this Court, nevertheless, held, as follows:
 "After a careful review of all the questions raised in Owens's petition, we find *Page 554 
that the only issue with merit concerns the striking of his jury at trial."
In Owens, we affirmed the judgment of the Court of Criminal Appeals on the question of the sufficiency of the evidence to prove kidnapping, and we follow Owens in affirming the judgment of the Court of Criminal Appeals in this case.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
ADAMS, J., not sitting.
[1] Code 1975, § 13A-5-6:
 "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
"* * * *
 "(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.
 "(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years."