RUSSELL, Judge.
This is a forfeiture case pursuant to § 20-2-93, Ala. Code 1975 (1984 Repl.Vol.).
*353 On March 13, 1988, Michael Bulger (appellant) was arrested on a charge of public intoxication. Pursuant to that arrest, a search was conducted by the arresting officer, which revealed that the appellant was carrying approximately twelve grams of cocaine and $4,320 in U.S. currency on his person. At trial, the appellant pleaded guilty to, and was convicted on, a charge of public intoxication.
Following an ore tenus hearing, $4,320, found in the possession of the appellant, was forfeited to the state (appellee). This appeal followed. We affirm.
Initially, we note that, where evidence is presented ore tenus, the trial court’s findings are presumed correct absent a showing that those findings are clearly contrary to the great weight of the evidence. State v. Walker, 503 So.2d 866 (Ala.Civ.App.1987). Also, evidence obtained in an illegal search and seizure must be excluded in a forfeiture proceeding, and to rely on such evidence violates fundamental constitutional rights. Nicaud v. State, 401 So.2d 43 (Ala.1981).
Furthermore, public intoxication is defined by § 13A-11-10, Ala. Code 1975 (1982 Repl.Vol.), as follows:
“(a) A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drug to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity.”
On appeal, the appellant raises the sole issue of whether the trial court erred in finding that the seizure was incident to a lawful arrest. He contends that the underlying arrest which precipitated the search was unlawful because the arresting officer did not witness commission of the misdemeanor for which he was charged.
Testimony revealed that the arresting officer was responding to a report of a discharged firearm. During his investigation, the officer approached the appellant and questioned him about the incident. The appellant denied any knowledge of such activity. The officer then observed the appellant swaying and staggering as he walked.
The officer again approached the appellant and removed him from an automobile in which he was sitting so that he could be placed under arrest. However, prior to arresting the appellant, the officer was informed by a witness that she thought that the appellant had fired a gun.
We find that such a report gave the arresting officer probable cause to believe that the appellant, who appeared to be intoxicated, was endangering both himself and others. Therefore, both the arrest and the subsequent search of the appellant were lawful. Furthermore, we find that, because the appellant pleaded guilty to the charge of public intoxication, he cannot now challenge the underlying arrest on that charge.
Consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., concurs in the result only.