The appellant, Jon Melvin Sorrells, was charged with two counts of attempted murder. He was found guilty in a jury trial of the lesser-included offenses of assault in the second degree and attempted assault in the second degree. On March 31, 1993, he was sentenced to 7 years' imprisonment in the penitentiary on the assault conviction and to 12 months' imprisonment in the county jail on the attempted assault conviction. His sentence was suspended and he was placed on 5 years' probation and ordered to continue mental treatment, including medication. He also was ordered to pay $50 to the crime victims compensation fund, an amount of restitution to be determined at a restitution hearing, and the costs of court on each conviction. On May 26, 1993, the State moved to correct the appellant's sentence, contending that he should have been sentenced to 10 years' imprisonment pursuant to § 13A-5-6, Code of Alabama
1975, the Firearm Enhancement Act, because he used a shotgun in the commission of the crime. The same day, the trial court granted the motion and amended the appellant's sentence to 10 years' imprisonment. Also on May 26, the trial court conducted the restitution hearing and ordered the appellant to pay $384 to the Town of Hartford for damages to the car involved in the incident and $244 to the injured employee for wages lost during his recuperation. The court also ordered the appellant to pay $2,000 to the injured employee as "restitution for the pecuniary costs for rehabilitation expenses. Now and in the future."
 I.
The appellant contends that the trial court erred in amending his sentence because, he says, the court had lost jurisdiction. He argues, citing Massey v. State, 587 So.2d 448 (Ala.Cr.App. 1991), and Rule 24, A.R.Cr.P., that the Court lost jurisdiction to modify his sentence when State failed to file its motion to amend his sentence within 30 days after the sentence was imposed. The State, however, contends that this 30-day limitation applies only if the sentence has been "imposed in its entirety," which, it argues, is not the situation in the present case because a part of the appellant's sentence, restitution, had not yet been imposed.
In Cline v. State, 571 So.2d 368 (Ala.Cr.App. 1990), the appellant argued that the trial court lacked jurisdiction to modify his sentence to comply with the provisions of the Firearm Enhancement Act. This Court found that where the circumstances invoking the application of the statute are present and the section is not applied, the sentence imposed is void. Because Cline's sentence was void, the trial court had "not only the power, but the duty" to sentence him as required by law, as the court was only "set[ting] aside what it had no authority to do and substitut[ing] directions required by the law to be done upon the conviction of the offender." Id.
In this case, the appellant's original sentence was void. Therefore, the trial court retained jurisdiction and had the duty to sentence the appellant to 10 years' imprisonment, *Page 144 
as required by § 13A-5-6, Code of Alabama 1975.
The appellant also contends that his sentence should not have been enhanced in the absence of a specific jury finding with regard to the use of a firearm. However, in Ex parte Guess,507 So.2d 551 (Ala. 1987), the Alabama Supreme Court found that the trial court had not erred in sentencing the petitioner under the Firearm Enhancement Act in the absence of a jury finding, as there was evidence that the appellant had put a pistol to the victims's head and then had knocked him unconscious with a blunt object. In the present case, there was evidence that the appellant had fired a shotgun at the victim, a law enforcement officer. Therefore, the trial court did not err in sentencing the appellant to 10 years' imprisonment under the Firearm Enhancement Act.
 II.
The appellant also contends that the trial court erred in determining certain amounts set out in the restitution order. First, he contends that the amount of lost wages as to which the injured officer testified was $204.77, not $244, as the court ordered. The State agrees that this matter needs clarification.
In addition, the appellant contends that the award of $2,000 for the injured officer's rehabilitation expenses was improper because, he says, there was no testimony that expenses in that amount had been incurred or were anticipated to be incurred. The State, citing Harris v. State, 542 So.2d 1312 (Ala.Cr.App. 1989), argues that the award was proper as "damages for mental suffering."
However, in Gladden v. State, 644 So.2d 1267 (Ala.Cr.App. 1993), this Court found that a victim of a criminal act is not entitled to recover for mental suffering under the restitution statute, § 15-18-65, Code of Alabama 1975.
For the reasons set out above, this cause is due to be, and it is hereby, remanded to the trial court. On remand, the trial court should determine the correct amount due to the City of Hartford as restitution for its officer's lost wages and should reflect the correct amount in its final sentencing order. In addition, the court should vacate its order with regard to the $2,000 awarded as restitution for the officer's rehabilitation. A return should be filed with this Court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.