The appellant, Donald Love, was convicted of assault in the second degree as charged in the indictment. He was sentenced to three years' imprisonment. That sentence was split and the court ordered the appellant to serve 90 days in prison and four years on probation. He raises one issue for review on appeal.
The appellant claims that the trial court erred in admitting, over objection, the gun and the shaft of the golf club used by the appellant during the assault. The appellant argues that the State failed to prove the chain of custody of the gun and the club, where the State simply had the victim testify that he recognized those articles. The appellant objected to the admission of the gun at trial, stating, "Improper foundation, improper chain of custody." He stated the same objection when the club was offered. (R. 188, 190.) However, this court has held that where the condition of the evidence is not at issue in the trial establishing a chain of custody is not necessary.See, Pardue v. State, 571 So.2d 320 (Ala.Crim.App. 1989), rev'd on other grounds, 571 So.2d 333 (Ala. 1990); Arrington v.State, 513 So.2d 40, 44 (Ala.Crim.App. 1987). Here, the appellant did not assert that the evidence had been tampered with between its retrieval after the assault and its admission at trial. In fact, the State proved and the appellant admitted that he used both a golf club and a gun during his attack upon the victim. The condition of the articles of evidence was never at issue. This court holds, therefore, that the trial court's admitting the gun and club was not erroneous.
The State seeks to have this case remanded for sentencing, because, it says, the trial court improperly ignored the mandatory minimum sentence provision that is invoked when the appellant uses a firearm or a deadly weapon to commit the felony. § 13A-5-6(a)(5), Ala. Code 1975. The jury found the appellant guilty of assault in the second degree,13A-6-21(a)(2), Ala. Code 1975, as charged in the indictment, which necessarily includes a finding that the appellant is guilty of causing injury by means of a "deadly weapon or a dangerous instrument." Therefore, the appellant should have been sentenced pursuant to § 13A-5-6(a)(5), which provides a mandatory minimum sentence when a firearm is used in the commission of a Class C Felony. See, Clency v. State,475 So.2d 642 (Ala.Crim.App. 1985) (court held § 13A-5-6(a)(4), Ala. Code 1975, which provides enhanced sentences for Class A felonies committed with a firearm, is mandatory; the court would have no choice but to impose a sentence under this section).
As this court held in Hughes v. State, 518 So.2d 890, 891
(Ala.Crim.App. 1987):
 "Since the first sentence imposed on [the defendant] was invalid, the trial court had not only the power, but the duty, to sentence [the defendant] as required by law. See, Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818
(1947)."
(Emphasis in original.) See also, Cline v. State,571 So.2d 368, 369 (Ala.Crim.App. 1990) This court in Cline noted that, even after the defendant has begun to serve his sentence, the trial court is obligated to alter an invalid sentence; further, any increase in the sentence does not raise double jeopardy problems. 571 So.2d at 370 (citing Breest v. Helgemoe,579 F.2d 95, 99 (1st Cir.), cert. denied, 439 U.S. 933, 99 S.Ct. 327,58 L.Ed.2d 329 (1978)). Therefore, because the requisite circumstance for application of § 13A-5-6(a)(5) is present in this case, application of the section is mandatory. See, Exparte McCree, 554 So.2d 336 (Ala. 1988). Because this section was not applied, the appellant's first sentence was invalid.
For the foregoing reasons, the appellant's conviction is affirmed. However, this case is remanded for sentencing in accord with the provisions of § 13A-5-6(a)(5). A return to remand with this court will be made within 70 days of the date of this opinion. *Page 1110 
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On August 23, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.