SHAW, Justice
(concurring specially).
I concur to deny the petition.
The petitioner, Willie Conner, was seen at a home-improvement store placing a “roofing nailer” in his pants. Two “loss-prevention managers” approached Conner after he left the store without purchasing the nailer.[1] When they attempted to escort Conner back inside the store, Conner declared that he had a gun, and he attempted to reach into his pocket. He then struggled with the loss-prevention managers. After Conner was detained, a “folding knife” was found in his pocket. Conner was ultimately convicted of first-degree robbery. See Ala.Code 1975, § 13A-8-41.
Conner raises one issue in his certiorari petition. That issue, even the authors of the dissenting opinions appear to agree, contains no probability of merit. See Rule 39(f), Ala. R.App. P. Chief Justice Moore and Justice Murdock, who dissent, however, have discerned another issue upon which to grant certiorari review: Whether there was sufficient evidence to sustain a conviction for first-degree robbery, namely, whether Conner was armed with a deadly weapon or dangerous instrument. In this writing, I will explain why I do not believe a review of that issue is proper or necessary.
First, it must be noted that on preliminary examination of a certiorari petition, i.e., when reviewing a request to take up the case on appeal from the lower appellate court, this Court has before it very limited facts. Here, the facts as stated in the Court of Criminals Appeals’ unpublished memorandum are properly before this Court for review? Rule 39(k), Ala. R.App. P. A petitioner may attempt to add certain facts found in the record, but Conner has not attempted to do so. See Rule 39(d)(5)(A). Thus, only those facts stated in the Court of Criminal'Appeals’ unpublished memorandum are before us. Conner v. State (No. CR-12-2005, Jan. 31,-2014), - So.3d -(Ala.Crim.App.2014) (table).
Additionally, the standard of review on appeal from a challenge to the sufficiency of the evidence in a criminal case is as follows: The appellate court must accept as true all evidence introduced by the State, recognize all legitimate inferences in favor of the State from that evidence, and consider all evidence in a light most favor *557 able to the State. See Gavin v. State, 891 So.2d 907, 974 (Ala.Crim.App.2003).[2]
Conner was convicted of first-degree robbery. That crime is defined at Ala. Code 1975, § 13A-8-41:
“(a) A person commits the crime of robbery in the first degree if he violates [Ala.Code 1975,] Section 13A-8-43 [robbery in the third degree] and he:
“(1) Is armed with a deadly weapon or dangerous instrument....”
Further:
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.”
There is apparently no dispute that the elements of § 13A-8-43, Ala.Code 1975, were met in this case. Thus, the only remaining element that must be met for Conner to be convicted of first-degree robbery is that he was armed with “a deadly weapon or dangerous instrument.”
Conner makes no attempt to argue that he was not so armed. In fact, during the course of the underlying robbery, he was in possession of a “folding knife,” as well as the roofing nailer. That a jury can find that a knife is “a deadly weapon or dangerous instrument” is a proposition beyond dispute. That a jury as a matter of law could not find that a roofing nailer is a deadly weapon is a conclusion I am not prepared to make, especially in light of the fact that we are not presented with such a question and, further, because there is not a hint in the facts before us indicating whether (1) thp roofing nailer was in a condition capable of being fired when the robbery occurred or (2) whether a roofing nailer can produce a deadly injury.
To call Conner’s folding knife a “pocketknife” might minimize its nature as a weapon, but doing so requires the Court to make inferences in favor of Conner and against the State and further requires the Court to create nonexistent facts. As noted above, this would be contrary to the standard an appellate court would apply to view the evidence and contrary to the actual facts before us.
Chief Justice Moore cites Cline v. State, 571 So.2d 368, 370-71 (Ala.Crim.App.1990), for the proposition that a folding knife “is not considered a deadly weapon unless used as such.” 571 So.3d at 371. Cline discusses whether a “pocketknife” in that case was a deadly weapon. Nevertheless, in Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992), a case decided two years after Cline, the court held that an object the perpetrator had in his hand and placed on a shelf, but that the victim could not identify and that was later determined to be a “pocketknife,” was a deadly weapon:
“Finally, the victim’s testimony that Smith appeared to have something in his hand when he threatened her and that he placed this object on the shelf above her bed, coupled with evidence that an open pocket knife that did not belong to the victim was found on the shelf above the victim’s bed, was clearly sufficient to establish that Smith had been armed with a knife while effecting entry or while in the victim’s dwelling. See Pardue v. State, 571 So.2d 333 (Ala.1990). Because a knife is a deadly weapon ... the State clearly established that Smith was armed with a deadly weapon.... ”
*558 601 So.2d at 205-06. The perpetrator in Smith did not “use” the poeketknife in any manner, much less as a deadly weapon. In Goodgame v. State, 593 So.2d 153, 154 (Ala.Crim.App.1991), what was described by a witness as “ ‘a little bitty knife, a little knife,’” which the perpetrator displayed and threatened to use to stab the victim but was not actually “used” as a deadly weapon, was nevertheless considered a deadly weapon for purposes of establishing the offense, of first-degree robbery.
In the instant case, Conner had a knife in his pocket. He attempted to reach into one of his pockets while he was struggling with the loss-prevention managers. His “use” of the knife was no less than the defendant’s in Smith. The facts that the knife might have been a mere poeketknife or even a “little bitty” knife and was not “used” as a deadly weapon do not mean that the jury could not have concluded that it was a deadly weapon. Goodgame, supra. That Conner declared that he had a gun but actually had a knife is not material under § 13A-8-41(a)(l).
Nevertheless, we do not have before us a description of the knife. We know nothing about it or what the jury observed. We cannot determine if it is a deadly weapon like the knives specifically described in Ala.Code 1975, § 13A-l-2(7). See Johnson v. State, 406 So.2d 451 (Ala.Crim.App.1981) (concluding from the description of a knife in the record and the fact that it could cut a telephone cord that, despite the fact that it did not conform with the statutory description of' knives that constituted deadly weapons, it nevertheless was a deadly weapon). In any event, it would require speculation to presume, and would be contrary to the standard of review, that the evidence regarding the knife does not support the State’s case. I further point out that any notion that, if a person declares that he is armed with one type of deadly weapon but is instead armed with a different type of deadly weapon, then he, as a matter of law, was not “armed with a deadly weapon” under § 13A-8-41(a)(l) should not be inferred from this case and should be rejected as unprecedented.
Although the Court of Criminal Appeals gratuitously examined whether Conner could be considered armed under § 13A-8^41(b) — I say gratuitously because the court held that the issue had not been preserved for review — nothing suggests that that issue was actually presented to the jury. Specifically, nothing before us suggests that the jury was instructed that it should find Conner guilty of first-degree robbery because he said he possessed a “gun.” For all we know, the jury was instructed that it could find Conner guilty if he simply possessed a deadly weapon, § 13A~8-41(a)(l), and I see sufficient facts before us that would indicate no probability of merit in an argument otherwise.
When this Court, hamstrung by limited facts and arguments, searches for extraneous wrongs raised by no one and not preserved for review, it will undoubtedly believe that it has spotted some. In our adversarial system, however, we should rely on the parties to raise issues they believe worthy of review. Conner identified to the Court of Criminal Appeals certain issues he challenged on appeal. That court addressed them. He then asked this Court to review portions of that ruling. I see nothing indicating any probability of merit in the issue Conner actually raises. See Rule 39(f), Ala. R.App. P. Therefore, I concur to deny the petition.

. The loss-prevention managers also suspected Conner of a theft that had occurred earlier that day.

. Conner’s case is not yet before this Court on appeal; it is pending on preliminary examination. Nevertheless, this standard is helpful in determining whether the petition presents probability of merit.