PATTERSON, Presiding Judge.
Ignacio Cantu appeals from the trial court’s dismissal of his A.R.Cr.P. 32 petition contesting the validity of his 1989 conviction for trafficking and his resulting sentence of 25 years’ imprisonment and $250,000 fine. This conviction is based upon Cantu’s plea of guilty, and the sentence and fine were in accordance with the state’s recommendation. Cantu did not appeal his conviction and punishment.
Cantu contends, on appeal of the trial court’s dismissal of his Rule 32 petition, that the trial court erred in dismissing his petition without an evidentiary hearing, particularly as to the grounds that (1) his counsel was ineffective for leading him to believe that he would receive life without parole if he decided to pursue a trial by jury, for incorrectly advising him of the sentence range, and for failing to contact Ms. Viki Durham, an alleged alibi witness; (2) his plea was involuntary and was given without full information of the range of punishment; and (3) the trial court lacked jurisdiction to impose sentence because, evidently, it did not properly advise him of the applicable range of punishment.
In reviewing Cantu’s petition, we first note that the Rule 32 form, which Cantu filled out, is incomplete. It appears that four or more pages of the required form are missing, and one of those missing pages should contain the essential verification. Rule 32.6(a) states, in part, the following: “The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form.” Thus, the trial court erred in summarily dismissing Cantu’s petition. See Thompson v. State, 540 So.2d 96 (Ala.Cr.App.1987). See also McDougal v. State, 563 So.2d 1073 (Ala.Cr.App.1990). Accordingly, the trial court’s judgment dismissing the petition is reversed, and this cause is remanded to the circuit court. We note that the trial court should return the petition to Cantu to be amended to comply with the requisite form. In the event that Cantu chooses to file a properly completed form and that he again asserts ineffective assistance of counsel with the same allegations, we also note that he is due an adjudi *1288 cation on the merits of this claim,[1] and that the trial court should make specific findings on Cantu’s allegations.
REVERSED AND REMANDED.
All Judges concur.

. We do not consider this claim to be precluded from the trial court's consideration on the ground that it could have been, but was not, raised on appeal. See Rule 32.2(a)(5). Even if new counsel was appointed for appeal of Cantu’s guilty plea, as the state alleged in its motion to dismiss (but which is not reflected by the case action summary), the issue of ineffective trial counsel would not have been cognizable on direct appeal since it had not been presented to the trial court. See e.g., Bowens v. State, 570 So.2d 844 (Ala.Cr.App.1990).