The appellant, Arthur Alexander Ball, was convicted of trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to 10 years in prison, was fined $25,000 and was ordered to pay court costs.
The state's evidence tended to show that in the early morning of July 16, 1990, at approximately 2:30 a.m., State Trooper Stephen Davis clocked a vehicle going 79 miles per hour in a 65 mile per hour zone. Davis turned on his flashing blue lights and followed the vehicle until it pulled over to the side of the road. The car was driven by Colonel Wilson. Davis asked Wilson to take a seat in his car and started to ask Wilson some questions. Wilson told Davis that he was a taxicab driver and was taking a passenger from Birmingham to Huntsville. He did not know the passenger's name and his vehicle was not marked as a taxi and had no meter. Davis asked Wilson if he could search the vehicle. Wilson gave his permission and said that he had nothing to hide. Trooper Davis then went to talk with the passenger, the appellant, who was seated in the back seat of Wilson's car. He asked the appellant if he could search his suitcase and his person, and he also told the appellant that he did not have to consent to the search. Davis testified at the suppression hearing that the appellant gave his permission to the search.
After giving his consent to the search, the appellant walked back to the patrol car and sat in the car. While Davis was talking to the appellant he noticed that the appellant was wearing a wig under his hat. Davis pulled off the appellant's hat and the wig came off and a bag containing what was later determined to be cocaine fell out onto the car seat. The weight of the cocaine was approximately 58 grams.
The appellant presents the following issues on appeal.
 I
The appellant first contends that his motion to suppress should have been granted. He gives several reasons for this contention. Initially, he maintains that all warrantless searches are illegal. He argues in the alternative that any consent he allegedly gave was invalid because, he says, he was in custody when the alleged consent was given.
 " 'Subject to only a few exceptions, the Fourth and Fourteenth Amendments of the United States Constitution support the proposition that a search conducted without a warrant issued on probable cause is unreasonable.' Sawyer v. State, 456 So.2d 114, 115 (Ala.Cr.App. 1984). These exceptions are: (1) plain view, (2) consent, (3) incident to a lawful arrest, (4) hot pursuit or emergency situations, (5) exigent circumstances coupled with probable cause, and (6) stop and frisk situations."
Brannon v. State, 549 So.2d 532, 536 (Ala.Cr.App. 1989). (Emphasis added.) See also Duck v. State, 518 So.2d 857
(Ala.Cr.App. 1987); Dixon v. State, 476 So.2d 1236
(Ala.Cr.App. 1985); Seagle v. State, 448 So.2d 481 (Ala.Cr.App. 1984).
The exception relied upon in the instant case is that of "consent." "Consent to a search removes the need of a warrant."Kemp v. State, 516 So.2d 848, 850 *Page 1073 
(Ala.Cr.App. 1987). "A person may consent to a search without a warrant and thereby waive any protection afforded by the Fourth Amendment to his right of privacy." Ex parte Wilson,571 So.2d 1251, 1255 (Ala. 1990).
 "Consent searches were deemed to be a 'wholly legitimate aspect of effective police activity,' for when there is no probable cause they 'may be the only means of obtaining important and reliable evidence,' and even when there is probable cause a search by consent 'may result in considerably less inconvenience for the subject of the search.'
". . . .
 "Consent searches are part of the standard investigatory techniques of law enforcement agencies. They normally occur on the highway, or in a person's home or office, and under informal and unstructured conditions. The circumstances that prompt the initial request to search may develop quickly or be a logical extension of investigative police questioning. The police may seek to investigate further suspicious circumstances or to follow up leads developed in questioning persons at the scene of a crime."
3 Lafave, Search and Seizure § 8.1(a) (1987).
As the United States Supreme Court stated in Bumper v. NorthCarolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), "When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given."391 U.S. at 548, 88 S.Ct. at 1792. The prosecutor must prove that the consent was "voluntary." Schneckloth v. Bustamonte,412 U.S. 218, 223, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973).
 "The question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent. As with police questioning, two competing concerns must be accommodated in determining the meaning of a 'voluntary' consent — the legitimate need for such searches and the equally important requirement of assuring the absence of coercion.
 "In situations where the police have some evidence of illicit activity, but lack probable cause to arrest or search, a search authorized by a valid consent may be the only means of obtaining important and reliable evidence. In the present case for example, while the police had reason to stop the car for traffic violations, the State does not contend that there was probable cause to search the vehicle or that the search was incident to a valid arrest of any of the occupants. Yet, the search yielded tangible evidence that served as a basis for a prosecution, and provided some assurance that others, wholly innocent of the crime, were not mistakenly brought to trial."
412 U.S. at 227-28, 93 S.Ct. at 2047-48. (Emphasis added.)
In Schneckloth, the United States Supreme Court upheld a search, based on consent, under a similar fact situation. It held that the consent must be free of coercion. In the instant case, Trooper Davis testified that he asked the appellant for his consent to search his person and his luggage and that the appellant replied that he "did not mind." Davis also stated that although the appellant was "high" on something, he did not appear so "intoxicated" that he not understand what was happening. The appellant contradicted Davis's testimony at the suppression hearing. He stated that he did not give Davis his consent to being searched. He also stated that he was "high" on the night of the incident. The appellant further stated that he was aware at the time he talked with Davis that Wilson had given his consent to search the car.
The trial court heard the testimony of both Trooper Davis and the appellant. The court chose to believe the testimony of *Page 1074 
Davis. As Judge Bowen stated in Weatherford v. State,369 So.2d 863 (Ala.Cr.App.), writ denied, 369 So.2d 873 (Ala.), cert. denied, 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979):
 "[W]hen conflicting evidence is presented on the issue of the voluntariness of a consent to search and the trial judge finds that the consent was voluntarily given, great weight must be given his judgment. This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. Sullivan v. State, 340 So.2d 878, 880-881
(Ala.Cr.App.), cert. denied, 340 So.2d 881 (Ala. 1976)."
369 So.2d at 871. See also Tillis v. State, 469 So.2d 1367
(Ala.Cr.App. 1985); Coots v. State, 434 So.2d 864 (Ala.Cr.App. 1983).
The evidence presented at the suppression hearing supports the ruling of the trial court. No error occurred here.
The appellant also maintains that if in fact he did give his consent to the search, it was not valid because he was in custody at the time it was given. This assertion is not supported by the record. Trooper Davis stated that he did not in any way assert his authority to secure consent to the search from the appellant. Davis testified that when he asked for the consent he also told the appellant that he could refuse. "[T]he fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search."United States v. Watson, 423 U.S. 411, 424, 96 S.Ct. 820, 828,46 L.Ed.2d 598 (1976).
 II
The appellant also contends that he was illegally sentenced to 10 years in prison. The appellant was originally sentenced to 3 years, which the trial court viewed as the minimum sentence. After a review of the statute, the trial court vacated the sentence and resentenced the appellant to 10 years.
The appellant argues that he should not have been sentenced to 10 years because the Code section dealing with trafficking in cocaine states that he should be sentenced to a minimum of 3 years.
Section 13A-12-231(1)(a) provides:
 "(2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as 'trafficking in cocaine.' If the quantity involved:
 "(a) Is 28 grams or more, but less than 500 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $50,000.00."
Section § 13A-12-231(10) classifies trafficking in controlled substances as a Class A felony. Punishment for a Class A felony is "life or not more than 99 years or less than 10 years." Section 13A-5-6(a)(1), Code of Alabama 1975. The appellant contends that § 13A-12-231(10) does not apply to him because, he says, that section is applicable only to habitual felony offenders. We do not agree. Section 13A-12-231(10) states:
 "The felonies of 'trafficking in cannabis,' 'trafficking in cocaine,' and 'trafficking in illegal drugs,' as defined in subdivisions (1) through (9), above, shall be treated as Class A felonies for purposes of Title 13A, including sentencing under section 13A-5-9. Provided, however, that the sentence of imprisonment for a defendant with one or more prior felony convictions who violates subdivisions (1) through (9) of this section shall be the sentence provided therein, or the sentence provided under section 13A-5-9, whichever is greater. Provided further, that the fine for a defendant with one or *Page 1075 
more prior felony convictions who violates subdivisions (1) through (9) of this section shall be the fine provided therein, or the fine provided under section 13A-5-9, whichever is greater."
(Emphasis added.) The above subsection by its wording makes § 13A-12-231 applicable to all sections, including the habitual felony offender section, of Title 13A. Sentencing guidelines for a Class A felony are found in § 13A-5-6, Code of Alabama 1975.
The minimum penalties and fines to which a defendant is to be sentenced when he has violated one of the drug trafficking sections are found in the subsections of § 13A-12-231. This court in State v. Drewry, 519 So.2d 591 (Ala.Cr.App. 1987), had occasion to interpret the predecessor statute, § 20-2-80, when interpreting § 20-2-81 (now § 13A-12-232).[1] As Judge Bowen wrote, " 'The legislature obviously intended that all persons convicted of trafficking would receive a minimum mandatorysentence . . . and that the sentence would be served.
' " 519 So.2d at 593-94.
The "mandatory minimum sentences" provided in § 13A-12-231
are the sentences that a person convicted of trafficking in a controlled substance must serve in prison. For example, if an individual has been sentenced under § 13A-12-231(2)(a) to a split sentence totaling 10 years, he must serve 3 years in prison before he is allowed probation for the remainder of the sentence. We note that the sentences listed in the subsections of § 13A-12-231 do not apply if an individual has rendered substantial assistance to the state in bringing about the arrest of persons involved in drugs, and the district attorney has filed a motion pursuant to § 13A-12-232(b) to have the individual's sentence reduced or suspended. See Drewry, supra. Section 13A-12-232(b) is not applicable to the present case.
The trial court's interpretation of § 13A-12-231 was correct. The minimum sentence upon conviction for a Class A felony is 10 years. Because the matter of penalty has been brought into issue, we observe that the mandatory fine for conviction of the above offense is $50,000. Section 13A-12-231(2)(a). The appellant was fined only $25,000. Thus, it is necessary to remand this case to the Circuit Court for Morgan County so that the trial court may fine the appellant as provided for by §13A-12-231(2)(a). Due return should be filed with this court within 30 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] Section 20-2-80 was moved in its entirety to § 13A-12-231.
 *Page 1