Ignacio Cantu appeals from the circuit court's denial of his A.R.Cr.P. 32 petition contesting his 1989 conviction for trafficking in cocaine, in violation of § 13A-12-231(2)(c), Code of Alabama 1975, pursuant to a guilty plea.[1] For this conviction, Cantu was sentenced to 25 years' imprisonment and was fined $250,000. He did not appeal.
In his petition, Cantu alleged that his guilty plea was not voluntarily made with an understanding of the consequences of that plea; that his trial counsel was ineffective; and that the trial court was without jurisdiction to render the judgment or to impose the sentence. Cantu supported these allegations by the averment that he was misinformed of the maximum sentence; specifically, he alleged that he was erroneously told by the court and by his counsel that the maximum possible sentence was life imprisonment without parole.
At a hearing on the allegation of ineffective assistance of counsel, Cantu testified that the Ireland form (Ireland v.State, 47 Ala. App. 65, 250 So.2d 602 (1971)) reflects and that his two attorneys had told him that the applicable sentence range was 15 years' imprisonment to life imprisonment without parole. He further explained that because he did not want to chance life imprisonment without the possibility of parole, he bargained with the prosecution for a 25-year sentence. Finally, he testified that, prior to his plea, he had not been advised that the correct range was 15 years' imprisonment to 99 years' or life imprisonment.
One defense attorney testified that he does not specifically remember talking with Cantu about the range of punishment, that he could not testify as to whether he knew the correct range at that time, and that he may have been under the impression that the maximum sentence was life imprisonment without parole. Cantu's other attorney testified that Cantu was originally offered a 25-year sentence in exchange for his guilty plea, but that when Cantu confessed during his accomplice's trial, that offer was replaced by an offer for a term of life imprisonment and that that offer was eventually lowered to 25 years' imprisonment. He also testified that, because *Page 1025 
the sentencing statute has no maximum range, he advised Cantu that the maximum sentence was possibly life imprisonment without parole.
The record also reflects that, after Cantu entered his plea, the trial court asked, "What is the range of punishment for this?" and the prosecutor answered the following: "It is a minimum of 15 calendar years. There is not a maximum. There is also the mandatory $250,000 fine, Judge." The Ireland form reflects the range "not less than 15 [years] nor more than life [without] parole."
The circuit court ruled, as a matter of law, that because the statute under which Cantu was sentenced does not provide for a maximum sentence, the possible maximum range was life imprisonment without parole and, thus, that theIreland form and counsel's advice were correct. The court accordingly further found that counsel was not ineffective.
Cantu pleaded guilty to violating § 13A-12-231(2)(c), which provides that the offender "shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.00." Indeed, this specific section provides no maximum. However, § 13A-12-231(10) (so designated at the time of the offense, November 25, 1988, but presently §13A-12-231(12)) provides, in pertinent part, that the felony of trafficking in cocaine "shall be treated as [a] Class A felon[y] for purposes of title 13A, including sentencing under section 13A-5-9." See also Robinson v. State, 588 So.2d 944,945 (Ala.Cr.App. 1991) (wherein the court stated that "trafficking in cocaine . . . under § 13A-12-231 . . . is a Class A felony"). The argument that § 13A-12-231(10)'s classification of cocaine trafficking as a Class A felony is pertinent solely for the application of the Habitual Felony Offender Act has been rejected. In Ball v. State,592 So.2d 1071, 1075 (Ala.Cr.App. 1991), after quoting § 13A-12-231(10) in its entirety, the court held, "The above subsection by its wording makes § 13A-12-231 applicable to all sections, including the habitual felony offender section, of Title 13A." As a Class A felony conviction, a cocaine trafficking conviction carries a maximum punishment of imprisonment "for life or not more than 99 years," § 13A-5-6(a)(1), not life imprisonment without parole, as Cantu was advised.
Because Cantu was misinformed of the applicable maximum sentence, this cause must be remanded to the circuit court with the order that Cantu's conviction be "reversed," in accordance with Ex parte Rivers, 597 So.2d 1308 (Ala. 1991).[2]
In Rivers, the court held that, where a defendant is not informed of the minimum possible sentence, his sentence is "clearly illegal or is clearly not authorized by statute"; that, accordingly, such issue is not procedurally barred from collateral review by the failure to raise it at trial; and that failure to inform results in an unknowing, involuntary, and unintelligent plea that mandates reversal. The Rivers Court construed this issue of the illegality of sentence to raise the issue of the trial court's lack of jurisdiction to impose sentence (by virtue of the fact that the Court found it not to have been precluded by Rivers's failure to raise it at trial, see Rule 32.2(a)(3)). Although we have declared in Parish v. State [Ms. CR-90-1285, September 30, 1992]* (Ala.Cr.App. 1992), that we are uncertain as to how and to what circumstances the Rivers rule should be applied, we consider that, until we receive any contrary indication from the Alabama Supreme Court, the Rivers rule applies where the defendant has received incorrect sentencing information, as Cantu did.
Therefore, we hold that because Cantu was not correctly informed of the maximum sentence, his sentence is void and, in accordance with Rivers, 597 So.2d at 1310, his conviction must be reversed and the cause remanded for further proceedings. This cause is reversed *Page 1026 
and remanded for such action to be taken.
REVERSED AND REMANDED.
All Judges concur.
[1] Cantu appeals from the adjudication of the merits of an amended petition. On appeal of the summary denial of his original petition, we remanded for Cantu to have an opportunity to amend his faulty petition, in accordance with Rule 32.6(a).Cantu v. State, 587 So.2d 1287 (Ala.Cr.App. 1991).
[2] Although Cantu's brief's main focus is his ineffective counsel claim, we construe his argument in brief to also address the issue of whether his plea is void. Moreover, as will be discussed, because this issue has been deemed to be of jurisdictional magnitude, we can address it without any argument from the appellant.
* Reporter of Decisions' note: The Court of Criminal Appeals, on April 23, 1993, withdrew the September 30, 1992, opinion inParish v. State and on that date substituted a new opinion.