TAYLOR, Judge.
The appellant, Palisha James Cummings, pleaded guilty to possessing a controlled substance, in violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to two years in prison.
The appellant argues on appeal that his plea was not voluntary because he says he was misinformed about the maximum sentence he could receive by pleading guilty. Possession of a controlled substance, § 13A-12-212, is a Class C felony, which is punishable by a minimum of one year and one day imprisonment and a maximum of 10 years’ imprisonment. § 13A-5-6, Code of Alabama 1975. The record reveals that the appellant was told that the minimum sentence he could receive was one year and one day and the maximum sentence he could receive was 5 years. There is no question that the appellant was misinformed about the maximum sentence he faced by pleading guilty.
Recently, this court has, on at least three different occasions, been compelled to reverse the judgment of the trial court and remand cases for this very reason. Cummings v. State, 642 So.2d 489 (Ala.Cr.App.1992); Parish v. State, [Ms. CR-90-1285, September 30, 1992] (Ala.Cr.App.1992) ; Cantu v. State, [Ms. 91-726, September 30, 1992] 1992 WL 240979 (Ala.Cr.App.1992).
When a defendant pleads guilty after having been misinformed about the length of sentence he could receive, the sentence is “void.” Cantu. Therefore, on the authority of the above cases and Ex parte Rivers, 597 So.2d 1308 (Ala.1991), the judgment in this cause must be is reversed and the ease remanded to the Circuit Court for Houston County. That court is directed to allow the appellant to withdraw his guilty plea, and, if the appellant so wishes, to allow the appellant the opportunity to enter another plea after he has been fully and correctly informed of the possible range of sentence, or to allow other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.