TAYLOR, Judge.
The appellant, Terry Lee Hinton, pleaded guilty to the offenses of robbery in the third degree, a violation of § 13A-8-43, Code of Alabama 1975, and kidnapping in the second degree, a violation of § 13A-6-44. He was sentenced as a habitual felony offender to 15 years’ imprisonment on the robbery conviction and 20 years’ imprisonment on the kidnapping conviction, the sentences to run concurrently.
*49 On appeal, the appellant argues that the state failed to prove the two prior felony convictions used to enhance his sentence pursuant to the Habitual Felony Offender Act. The appellant, however, did not object to the use of the prior convictions for enhancement purposes. To preserve for appellate review an issue concerning the proof of prior felony convictions, the issue must first be presented to the trial court. Nichols v. State, 629 So.2d 51 (Ala.Cr.App.1993). The appellant failed to preserve this issue for review by this court.
II
The appellant also argues that the court erred in not informing him of the correct minimum sentence for the offense of robbery in the third degree. The state concedes that the appellant was misinformed of the correct minimum sentence he faced by pleading guilty. Although the appellant did not present this issue to the trial court, we must address it on appeal because it is a jurisdictional issue that cannot be waived. Ex parte Rivers, 597 So.2d 1308 (Ala.1991); Parish v. State, 660 So.2d 227 (Ala.Cr.App. 1993).
The appellant, who had two prior felony convictions, pleaded guilty to robbery in the third degree, a Class C felony. A Class C felony is punishable by imprisonment for “not more than 10 years or less than 1 year and 1 day.” § 13A-5-6. A Class C felony, when enhanced by two prior felony convictions pursuant to § 13A-5-9, must be punished as a Class A felony. A Class A felony is punishable by imprisonment “for life or not more than 99 years or less than 10 years.” § 13A-5-6.
The court misinformed the appellant that the minimum sentence for a Class C felony enhanced by two prior felony convictions was 15 years rather than 10 years. When a defendant is misinformed about the sentence range he faces by pleading guilty, his sentence is void. Cummings v. State, 642 So.2d 488 (Ala.Cr.App.1992); Cantu v. State, 660 So.2d 1024 (Ala.Cr.App.1992).
We are compelled to reverse the judgment and remand this cause to the Circuit Court for Mobile County so that the appellant can withdraw his guilty plea. If the appellant so wishes, he may again enter a guilty plea after he is fully informed of the correct sentence range that he faces.
REVERSED AND REMANDED.
All the Judges concur.