The appellant, Kyle Jason Rokitski, was convicted of trafficking in cannabis,[1] a violation of § 13A-12-231(1), Codeof Alabama 1975.
The evidence presented at trial established that on June 13, 1996, Mobile Police Officer Whitfield was performing drug interdiction inspections at the Greyhound Bus Station. Of particular interest to Officer Whitfield was a bus arriving from Texas en route to Florida.
Around 10:00 p.m. that evening, the bus from Texas pulled into the station. Officer Whitfield and his K-9 partner went to the cargo bays of the bus. The dog "alerted" on two black suitcases. The suitcases were removed from the cargo bay. Officer Whitfield asked the bus driver for assistance in determining the owner of the suitcases. By looking at the tickets on the suitcases, the driver determined that they belonged to the appellant. The driver agreed to signal Officer *Page 861 
Whitfield when the appellant attempted to reboard the bus.
Officer Whitfield then radioed for backup, and waited for the passengers to reboard. When the bus driver signaled, Officer Whitfield approached the appellant. He asked the appellant to accompany him to a room inside the bus station. Officer Whitfield first informed the appellant of hisMiranda[2] rights, and then advised him that he was being detained because Whitfield's dog had alerted on the appellant's suitcases. The appellant acknowledged that he understood his constitutional rights, then admitted that his suitcases contained drugs.
Officer Whitfield testified that he asked the appellant to open his suitcases, and that the appellant agreed to do so. Inside each suitcase was another hard plastic case that was also locked. Officer Whitfield further testified that the appellant agreed to open these cases, which contained 16 bundles of plant material wrapped in plastic. Subsequent analysis of the material confirmed that it was cannabis. The total weight of the cannabis in the two suitcases was 54.9 pounds.
The appellant was subsequently interviewed by two agents with the United States Customs Service, then by Detective Glenn Garside, a narcotics investigator with the Mobile Police Department. Before the interview with the customs agents, the appellant was again informed of his Miranda rights. During his interview with Detective Garside, the appellant told Detective Garside that he obtained the cannabis from a man he knew only as "Dave." He further advised Detective Garside that he had known "Dave" from his days as a law enforcement officer while serving in the United States Coast Guard. The appellant stated that he flew from Florida to Houston, met with Dave, and purchased $26,000 worth of cannabis. The appellant said that he left Houston the following day by bus.
The appellant testified that he never consented to Officer Whitfield's search of his luggage, and he denied voluntarily producing the keys to open the cases inside his luggage. The appellant further testified that he was never informed of hisMiranda rights before his suitcases were opened.
 I.
The appellant contends that the trial court erred in denying his motion to suppress evidence of the cannabis found in his luggage because, he says, it was obtained as the result of an illegal warrantless search. Our examination of the record convinces us that the officer's search of the appellant's luggage was performed with his consent.
This court has long held that warrantless searches areper se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. See, e.g.Chevere v. State, 607 So.2d 361, 368 (Ala.Cr.App. 1992). These exceptions are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. Ex parte Hilley,484 So.2d 485, 488 (Ala. 1985); Chevere, supra, 607 So.2d at 368. "Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception." Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.), cert.denied, 516 U.S. 944, 116 S.Ct. 382, 133 L.Ed.2d 305 (1995), citing Kinard v. State, 335 So.2d 924 (Ala. 1976).
Warrantless searches are constitutionally permissible when executed with the owner's consent. See, e.g., Williams v.State, 601 So.2d 1062, 1070 (Ala.Cr.App. 1991), aff'd,662 So.2d 929 (Ala.), cert. denied, 506 U.S. 957, 113 S.Ct. 417,121 L.Ed.2d 340 (1992); Dixon v. State, 476 So.2d 1236
(Ala.Cr.App. 1985). The question whether a consent to a search is voluntary is a question of fact for the trial court to determine, based upon the totality of the circumstances. Benderv. State, 687 So.2d 219, 221 (Ala.Cr.App. 1996). No particular factor should be given undue weight in determining the issue of voluntariness. The fact that a defendant was not informed of the right to refuse to consent does not, of itself, negate a finding of *Page 862 
voluntariness. Nor does the fact that the defendant was in police custody or that the officers made a showing of force.Kennedy v. State, 640 So.2d 22, 24-5 (Ala.Cr.App. 1993), quoting Martinez v. State, 624 So.2d 711, 715-16 (Ala.Cr.App. 1993).
At trial, Officer Whitfield testified that the appellant consented to the search of the black suitcases and that the appellant opened the suitcases so that Officer Whitfield could look inside. According to Officer Whitfield, the appellant also produced a key to open the locked cases inside the two suitcases. The appellant's testimony differed from that of Officer Whitfield's. He maintained that he never consented to the search, and that he did not produce keys to unlock the inner containers.
We believe the testimony sufficiently established the appellant's consent to search. "When conflicting evidence is presented on the issue of the voluntariness of a consent to search and the trial judge finds that the consent was voluntarily given, great weight must be given his judgment."Cook v. State, 637 So.2d 229, 231 (Ala.Crim.App. 1994); Ballv. State, 592 So.2d 1071, 1074 (Ala.Crim.App. 1991). "[A] trial court's ruling based upon conflicting evidence given at a suppression hearing is binding on this court and is not to be reversed absent a clear abuse of discretion." Jackson v. State,589 So.2d 781, 784 (Ala.Cr.App. 1991). Here, the trial court determined that the appellant was properly detained by Officer Whitfield. Upon being advised of his Miranda rights, the appellant admitted that his luggage contained illegal narcotics. The appellant then consented to the search of his luggage. Based upon these circumstances, the trial court properly denied the appellant's motion to suppress.
 II.
The state seeks to have this case remanded for sentencing, because, it says, the trial court failed to sentence the appellant within the appropriate sentencing range for a Class A felony, as required by § 13A-12-231(12), Code of Alabama
1975. The appellant was sentenced to 7 years' imprisonment — less than the 10-year minimum. Section 13A-12-231(12), Code ofAlabama 1975, classifies trafficking in cannabis as a Class A felony. Punishment for a Class A felony is "life or not more than 99 years or less than 10 years." § 13A-5-6(a)(1), Code ofAlabama 1975. Although the appellant did not address this issue in his brief to this Court, he argued to the trial court that §13A-12-231(12) did not apply in his case because, he said, that section is applicable only to habitual felony offenders. We disagree. Indeed, we specifically rejected the appellant's argument in Ball v. State, 592 So.2d at 1074-75, stating:
 "Section 13A-12-231(10)[3] classifies trafficking in controlled substances as a Class A felony. Punishment for a Class A felony is 'life or not more than 99 years or less than 10 years.' Section 13A-5-6(a)(1), Code of Alabama 1975. The appellant contends that § 13A-12-231(10) does not apply to him because, he says, that section is applicable only to habitual felony offenders. We do not agree. . . .
". . . .
 ". . . [Section 13A-12-231(10)] by its wording makes § 13A-12-231 applicable to all sections, including the habitual felony offender section of Title 13A. Sentencing guidelines for a Class A felony are found in § 13A-5-6, Code of Alabama
1975.
 "The minimum penalties and fines to which a defendant is to be sentenced when he has violated one of the drug trafficking sections are found in the subsections of § 13A-12-231. This court in State v. Drewry, 519 So.2d 591 (Ala.Cr.App. 1987), had occasion to interpret the predecessor statute, § 20-2-80, when interpreting § 20-2-81 (now § 13A-12-232). As Judge Bowen wrote, ' "The legislature obviously intended that all persons convicted of trafficking would receive a minimum mandatory sentence . . . and that the sentence would be served." ' 519 So.2d at 593-94.
 "The 'mandatory minimum sentences' provided in § 13A-12-231 are the sentences *Page 863 
that a person convicted of trafficking in a controlled substance must serve in prison. For example, if an individual has been sentenced under § 13A-12-231(2)(a) to a split sentence totaling 10 years, he must serve 3 years in prison before he is allowed probation for the remainder of the sentence. We note that the sentences listed in subsections of § 13A-12-231 do not apply if an individual has rendered substantial assistance to the state in bringing about the arrest of persons involved in drugs, and the district attorney has filed a motion pursuant to § 13A-12-232(b) to have the individual's sentence reduced or suspended. See Drewry, supra. Section 13A-12-232(b) is not applicable to the present case."
The minimum sentence the appellant could have received was 10 years, and the minimum fine was $25,000. The appellant must serve at least three calendar years of his sentence in prison. § 13A-12-231(1)a. Code of Alabama 1975. The appellant was sentenced to only seven years and was fined only $15,000.
If the original sentence is invalid, the trial court must then resentence the appellant accordingly. Love v. State,681 So.2d 1108, 1109 (Ala.Cr.App. 1996); Cline v. State,571 So.2d 368, 370 (Ala.Cr.App. 1990). Thus, we remand this case so that the trial court may sentence and fine the appellant in accordance with §§ 13A-12-231(1)a. and (12), Code of Alabama
1975. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this remand order at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] The appellant waived his right to a jury trial. Following an evidentiary hearing on the appellant's motion to suppress and the question of guilt, the trial court determined that the evidence established the appellant's guilt beyond a reasonable doubt, and it entered a verdict finding the appellant guilty as charged in the indictment.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).
[3] As the result of amendments to this Code section, §13A-12-231(10) is now § 13A-12-231(12), Code of Alabama 1975.
* Note from the reporter of decisions: On January 30, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 6, 1998, that court denied rehearing, without opinion. On May 22, 1998, the Supreme Court denied certiorari review, no opinion (1971059).