COBB, Judge.
On August 24, 2000, Robert Gregory Browning was convicted of driving under the influence (“DUI”), a violation of § 32-5A-191(a)(2), Ala.Code 1975, made a felony by § 32-5A-191(h), Ala.Code 1975, because this was Browning’s fourth DUI conviction, and of driving while his license was suspended, a violation of § 32-6-19, Ala.Code 1975. Browning was sentenced to 7 years’ imprisonment for the DUI conviction and to 30 days’ imprisonment for driving while his license was suspended. On appeal, this Court affirmed his convictions and sentences in an unpublished memorandum. Browning v. State, 851 So.2d 631 (Ala.Crim.App.2001) (table). The certificate of judgment was issued on February 22, 2002.
*758 On August 28, 2003, Browning filed a Rule 32, Ala. R.Crim. P., petition. On September 9, 2003, the State responded and, on October 17, 2003, Browning amended his petition. On February 10, 2004, the circuit court summarily denied the petition. This appeal followed.
In his petition, Browning claims 1) that the trial court erred by denying his pretrial motion to dismiss; 2) that the trial court “wrongly pronounc[ed] and recorded] the verdict of guilty of felony DUI not reflecting the determination as ascribed to by the jury” (C. 17); 3) that the trial court failed “to give proper allocution”; 4) that the trial court did not hear his objection to the admission of the evidence of his prior DUI convictions; and 5) that trial counsel rendered ineffective assistance. In the amendment to his petition, Browning, invoking Ex parte Bertram, 884 So.2d 889 (Ala.2003), contended that his sentence was illegally enhanced by using out-of-state DUI convictions.[1] On appeal, Browning claims that the circuit court erroneously found the claim from the amendment to his petition to be precluded and, to some extent, addresses the claims in his petition.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).
Initially, we note that, to the extent that Browning reasserts the claims from his petition, none of them implicated the subject matter jurisdiction of the trial court and, therefore, those claims were subject to preclusion by the limitations period in Rule 32.2(c), Ala. R.Crim. P. Therefore, the circuit court properly summarily disposed of those claims. Rule 32.7(d), Ala. R.Crim. P. We also note that, to the extent Browning does not pursue some of the specific claims he presented in his petition, those claims are deemed to be abandoned. See Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (holding that “[w]e will not- review issues not listed and argued in brief’).
As for the claim in Browning’s amendment to his petition, we note that “ ‘when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.’” Bender v. State, 687 So.2d 219, 222 (Ala.Crim.App.1996) (quoting Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989)). This is because an illegal sentence implicates the subject-matter jurisdiction of the trial court and therefore is subject to review at any time. See Lancaster v. State, 638 So.2d 1370, 1372 (Ala.Crim.App.1993). See also Rule 32.1(b), Ala. R.Crim. P. (an appropriate ground for an Rule 32 petition is that “[t]he court was without jurisdiction to render judgment or to impose sentence”).
In Bertram, the Alabama Supreme Court held that it was error to use a Florida DUI conviction to convict Bertram of felony DUI and to enhance Bertram’s sentence accordingly under Alabama’s DUI statutory scheme. In Altherr v. State, [Ms. CR-02-0437, August 27, 2004] — So.2d -, - (Ala.Crim.App.2004), we held,
“[W]e see no reason to distinguish sentence enhancement under the [Habitual Felony Offender Act] from sentence enhancement under the DUI law. Both are used strictly for sentence enhancement and have no effect on the underly *759 ing substantive offense: both carry notice requirements that may be waived; and neither requires inclusion in the indictment.
“Therefore, because § 32-5A-191(h) is a sentence enhancement similar in purpose and character to sentence enhancements under the HFOA, we see no reason to treat them differently from the sentence enhancements applied under the HFOA.”
Appellate courts have reversed the sentence of a defendant illegally sentenced as a habitual felony offender by use of improper prior felony convictions. See, e.g., Ex parte Peterson, 466 So.2d 984 (Ala.1984) (holding that the trial court’s enhancement of the appellant’s sentence by a prior conviction that was improper for use in enhancement was subject to review even though the appellant had not objected in the lower court).[2] We hold that courts shall do the same in the case of a defendant illegally sentenced as though he has committed a felony DUI, rather than a misdemeanor DUI.
Therefore, pursuant to the edict in Bertram that an, out-of-state DUI conviction cannot be used for enhancement purposes under Alabama’s felony DUI statutory scheme, and pursuant to our longstanding practice of reviewing an illegal sentence claim at any time, we reverse Browning’s conviction, as we did in Altherr, and remand this cause to the circuit court. The circuit court is to conduct a second sentencing hearing where the State can “attempt to prove all previous [Alabama DUI] convictions [of which] the State is aware.” Connolly v. State, 602 So.2d 452, 455 (Ala.1992). We point out that the State must give proper notice. Id. If the State proves fewer than four prior DUI convictions from Alabama, the trial court is to enter judgment for the appropriate lesser-included offense of misdemeanor DUI and is to resentence Browning accordingly.
REVERSED AND REMANDED.
McMILLAN, PM., and SHAW and WISE, JJ., concur. BASCHAB, J., recuses herself.

. We take judicial notice of the records before us and note that Browning’s sentence was enhanced by four prior DUI convictions, two of which arose out of proceedings in New York.

. In its brief on appeal, the State speaks in terms of “retroactive application'' of Bertram. Because we decide this case on the ground that Browning’s claim is one of an illegal sentence and therefore necessarily implicates the subject matter jurisdiction of the trial court, we do not address the State’s argument that Bertram should not be applied retroactively.